CASE NO. 23-11438

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

MASSACHUSETTS BAY INSURANCE COMPANY,

Appellant,

v.

D.C.D.J CORPORATION, D/B/A MARKEY INSURANCE GROUP and
MICHAEL BRANCH HENDERSON

Appellees.

On Appeal from the District Court for the
Northern District Of Georgia, Atlanta Division

**APPELLANT'S REPLY BRIEF**

GOODMAN MCGUFFEY LLP
Stephanie F. Glickauf
3340 Peachtree Road, NE, Suite 2100
Atlanta, GA 30326
Phone: (404) 264-1500
Fax: (404) 264-1737
sglickauf@gm-llp.com

Attorneys for Appellant Massachusetts Bay Insurance Company

**November 13, 2023**

**Certificate of Interested Persons and Corporate Disclosure Statement**

In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party.

    Ahmad, Syed S.

    D.C.J.D. Corporation d/b/a Markey Insurance Group

    Glickauf, Stephanie F.

    Goodman McGuffey, LLP

    Hanover Insurance Group, The

    Henderson, Michael Branch

    Hunton Andrews Kurth, LLP

    Markey Insurance Group

    Massachusetts Bay Insurance Company

# Table of Contents

Certificate of Interested Persons and Corporate Disclosure Statement ......................... i

Table of Contents ................................................................................................... ii

1. Appellant did not waive its argument of sufficient evidence ............................... 1

2. The District Court placed undue weight on Louis G. Fey's testimony. ............... 2

3. Summary Judgment cannot be affirmed on Appellee's alternative grounds. ........ 5

   a. Voluntary Payment doctrine ........................................................................ 5

   b. Fiduciary issue ............................................................................................ 6

4. The District Court erred when it denied MBIC's Motion for Partial Summary Judgment because there is no genuine issue of material fact as to whether Defendant D.C.J.D. breached its contract with Plaintiff. ................................................................. 8

Rule 7.1 Certificate of Compliance ......................................................................... iv

Certificate of Service ............................................................................................... v

# Table of Citations

*Cases*

*Auto-Owners Ins. Co. v. Xytex Tissue Servs., LLC*, 421 F.Supp.3d 1369 (S.D. GA. 2019) .................................................................................................................. 7, 9

*Byrne v. Reardon*, 196 Ga. App. 735, 397 S.E.2d 22 (1990) ................................... 8, 9

*Carrizosa v. Chiquita Brands International, Inc.*, 47 F.4th 1278 (11th Cir. 2022) ....... 4

*Edmondson v. Velvet Lifestyles, LLC*, 43 F.4th 1153 (11th Cir. 2022) ........................ 2

*Fab'rik Boutique v. Shops Around Lenox*, 329 Ga.App. 21, 763 S.E.2d 492 (2014) 12

*Gervin v. Retail Property Trust,* 354 Ga. App. 11 (2020) ........................................... 5

*Hbogaita v. Altamonte Heights Condominium Ass'n, Inc.*, 765 F.3d 1277 (11th Cir. 2014) ........................................................................................................................ 3

*Hilburn v. Murata Electronics North America, Inc.*, 181 F.3d 1220 (11th Cir. 1999).. 3

*Int'l Indem. Co. v. Odom*, 174 Ga. App. 6, 328 S.E.2d 307, 309 (1985) ..................... 9

*Jones Lang LaSalle Operations, LLC v. Johnson,* 350 Ga. App. 439 (2019) .............. 6

*Kay-Lex Co. v. Essex Ins. Co.*, 649 S.E.2d 602 (Ga. Ct. App. 2007) .......................... 7

*Lee v. Mercury Insurance Company of Georgia*, 343 Ga. App. 729, S.E.2d 116 (2017) ................................................................................................................... 7, 9

*Medley v. Home Depot,* 252 Ga. App. 398 (2001) ...................................................... 4

*Mock v. Kroger Co.,* 267 Ga. App. 1 (2004) ............................................................... 5

*National Property Owners Ins. Co. v. Wells*, 166 Ga. App. 281, 304 S.E.2d 458 (1983) ........................................................................................................................ 9

*Perkins v. Val D'Aosta Co.,* 305 Ga. App. 126 (2010) ................................................ 5

*Robinson v. Kroger Co.,* 268 Ga. 735 (1997) .............................................................. 5

*Strauss v. City of Lilburn*, 329 Ga. App. 361 ............................................................. 5

*Taylor v. Golden Corral Corp.,* 255 Ga. App. 860 (2002) ............................................ 4

*Wright v. IC Enterprises, Inc.* 330 Ga. App. 303, 735 S.E.2d 484 (2014) ................. 12

*Yarbrough v. Decatur Hous. Auth.*, 941 F.3d 1022 (11th Cir. 2019) ............................ 2

*Zakaria v. McElwaney*, 174 Ga. App. 149, 151(2), 329 S.E.2d 310 (1985) .............. 12

**Statutes**

O.C.G.A. § 13-2-3 ................................................................................................... 12

**Rules**

Fed. R. Civ. Proc. 56(c) ...................................................................................... 2, 3

1. **Appellant did not waive its argument of sufficient evidence.**

MBIC's brief in response to Markey's motion for summary judgment states at the outset "[t]here is ample evidence in the record to demonstrate that Formosa had potential complete defenses to liability in the underlying suit." [Supp. Appx. 63 p. 3]. MBIC never "acknowledged that it did not have sufficient evidence of damages" as Markey argues in Appellees' Brief. Instead, MBIC argued in the District Court that there was a dearth of evidence *surrounding the facts and circumstances of the subject incident* due to Markey's failure to notify MBIC of the loss.

> There were numerous potential liability defenses which, due to Defendants' contractual breach, MBIC was prevented from investigating and raising in responsive pleadings. Mr. Douglas claimed to have tripped over a display platform in the store, but store employees did not find any foreign objects or relocated display platforms in the subject store. [**Exhibit E ¶ 4 and 5**]. Moreover, Mr. Douglas was a regular customer at the time of the subject accident and the subject store's layout, appearance, inventory, and display platforms had been substantially the same for years prior to the incident. [**Exhibit E ¶¶ 5, 6, and 7**]. Due to the fifteen-month delay, however, MBIC could not interview Mr. Douglas before he took his own life or conduct any investigation into evidence reflecting a failure to exercising due care or any other potentially affirmative defenses to the insured's lability.

[Supp. Appx. 63 pp. 3-4]. It is MBIC's position that, had Markey promptly notified MBIC of the loss as it was required to, an investigation near the time of the incident could have yielded evidence supporting an affirmative defense against any liability to the injured party. The fact that MBIC was deprived of the opportunity to conduct an investigation, file responsive pleadings on behalf of its insured, and pursue

1

dispositive motions on liability issues is, itself, evidence of damages resulting from Markey's breach. The argument that MBIC presented sufficient evidence of damages was clearly before the District Court and, therefore, was not waived and is properly considered by this Court on Appeal.

**2.     The District Court placed undue weight on Louis G. Fey's testimony.**

In Appellees' Brief, Markey contends that MBIC has waived the opportunity to rely upon the opinions offered by its properly disclosed expert Wade Vandiver. Markey points to Federal Rule of Civil Procedure Rule 56 which states "[t]he court need consider only the cited materials, but it may consider other materials in the record." F.R.C.P. 56 (c)(3). While it is true that MBIC did not specifically direct the District Court's attention to Vandiver's report, Vandiver's opinions are clearly part of the record and should be considered by this Court under the *de novo* standard of review.

The standard of review on appeal from summary judgment is *de novo*, "applying the same legal standards used by the District Court." *Edmondson v. Velvet Lifestyles, LLC*, 43 F.4th 1153, 1159 (11th Cir. 2022), citing *Yarbrough v. Decatur Hous. Auth.*, 941 F.3d 1022, 1026 (11th Cir. 2019). "The legal conclusions of the lower court are given *de novo* review while the factual issues are resolved <u>with all reasonable inferences being drawn in favor of the non-movant below</u>." *Hilburn v. Murata Electronics North America, Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999)

2

(emphasis added). MBIC properly disclosed Wade Vandiver and his report on February 21, 2022. [Supp. Appx. 35, 35-1, 35-2, 35-3]. Therefore, as Markey points out, the District Court had discretion to consider the report, which was part of the record, as does this Court. See F.R.C.P. 56 (c)(3). While it cannot be said that the District Court's failure to review Vandiver's report was an abuse of its discretion, that is not the standard of review on appeal from summary judgment. This Court must review the record "as a whole." See *Hbogaita v. Altamonte Heights Condominium Ass'n, Inc.*, 765 F.3d 1277, 1289 (11th Cir. 2014).

Even if it were true that this Court must ignore the evidence presented in Vandiver's report, the District Court nevertheless gave undue weight to Louis G. Fey Jr.'s testimony. [Appx. 79]. As discussed above, MBIC has produced sufficient evidence of damages resulting from Markey's breach. Fey's designation as an expert does not negate the weight of non-expert evidence to the contrary. "A district court errs if it weighs the evidence or makes credibility determinations at the summary judgment stage." *Carrizosa v. Chiquita Brands International, Inc.*, 47 F.4th 1278, 1328 – 1329 (11th Cir. 2022).

Fey's ultimate opinion, that the value of the Douglas' claim was "a foregone conclusion," is disputed by Georgia law and evidence in the record, even excluding Vandiver's opinions. Under Georgia law, an "owner/occupier is not required to warrant the safety of all persons from all things, but to exercise the diligence toward

making the premises safe that a good businessperson is accustomed to use in such matters." *Taylor v. Golden Corral Corp.,* 255 Ga. App. 860, 863 (2002), citing *Medley v. Home Depot,* 252 Ga. App. 398, 400 (2001). "To recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to the actions or conditions within the control of the owner/occupier." *Mock v. Kroger Co.,* 267 Ga. App. 1, 2 (2004), citing *Robinson v. Kroger Co.,* 268 Ga. 735, 748-749 (2)(b) (1997). "Georgia's longstanding prior traversal rule provides that 'when a person has successfully negotiated an alleged dangerous condition on a previous occasion, that person is presumed to have equal knowledge of it and cannot recover for a subsequent injury resulting therefrom'." *Gervin v. Retail Property Trust,* 354 Ga. App. 11, 13 (2020), quoting *Perkins v. Val D'Aosta Co.,* 305 Ga. App. 126, 128 (2010). "The rule imputing knowledge of a danger to a person who has successfully negotiated an alleged dangerous condition before applies only to cases involving a static condition that is readily discernible to a person exercising reasonable care for his own safety." *Id.*, citing *Strauss v. City of Lilburn*, 329 Ga. App. 361, 364. "A static condition is one that does not change and is dangerous only if someone fails to see it and walks into it." *Id.,* citing *Jones Lang LaSalle Operations, LLC v. Johnson,* 350 Ga. App. 439, 440 (2019).

MBIC raised this argument in its Reply Brief in Support of its Motion for Partial Summary Judgment on August 25, 2022, stating "the argument that Douglas could have recovered from a party that was not legally liable just because he was severely injured is simply ignorant of the law." [Supp. Appx. 73 p.10].

**3.     Summary Judgment cannot be affirmed on Appellee's alternative grounds.**

MBIC contends that the District Court overlooked evidence that, at the very least creates a genuine issue of material fact as to issues raised by Markey. In response to Appellant's Brief, Markey argues that this Court may affirm summary judgment on these grounds even though the District Court did not reach these arguments, suggesting alternatively that they could be addressed on remand. For the reasons set forth in Appellant's Brief, MBIC argues that this Court's review of that evidence can only support MBIC's appeal of summary judgment in that the questions of fact on each of Appellants' enumerated issues should have been addressed by the District Court.

   a.     **Voluntary Payment doctrine**

"[I]t is possible for an insurer to place an independent agent 'in a position of apparent authority such that one might be justified in assuming that the agent had authority to receive notice of an occurrence or claim.'" *Auto-Owners Ins. Co. v. Xytex Tissue Servs., LLC*, 421 F.Supp.3d 1369, 1375 (S.D. GA. 2019) quoting *Kay-Lex Co. v. Essex Ins. Co.*, 649 S.E.2d 602, 607 (Ga. Ct. App. 2007). This relationship is

known as dual agency. *Id*. Evidence that an insurance agent has authority to bind an insurance policy with an insurance carrier supports a finding of dual agency. *Lee v. Mercury Insurance Company of Georgia*, 343 Ga. App. 729, 808 S.E.2d 116, 130 (2017). Markey agents had authority to bind insurance policies with Hanover. Markey's own expert opined that Mr. Henderson's representation that he would "take care of it" would have constituted an undertaking of the responsibility to report Formosa's claim. [Appx. 67a p. 7 ¶ N]. The same expert opined that "MBIC had an overriding duty to protect the interests of Formosa …" [Appx. 67a p. 10 ¶ KK]. Mr. Henderson even personally went to the subject property to investigate the subject fall after it was reported to him. Finally, The Hanover Insurance Group Facebook Page explicitly states that contacting an insured's independent agent is one method by which claims can be reported. [Appx. 67-3][1] The evidence presented creates a genuine issue of material fact, and this Court cannot find as a matter of law that the coverage conditions were not met.

    b.    **Fiduciary issue**

The terms of the Agency Agreement explicitly state that Markey is MBIC's fiduciary and owes a fiduciary duty to Plaintiff.[2] Even Markey's own expert, Thomas

---

[1] "If you need help with a policy or a claim, please call your independent agent, contact us at 800-628-0250 or through http://www.hanover.com/claims.html" [Appx. 67-3]

[2] "2.10 Fiduciary Responsibilities. All premiums and/or other monies paid to you or collected by you in connection with our policies ("Funds") are our property.

6

Ahart, opined that Markey owed a fiduciary duty to MBIC. [Appx. 51 pp. 34:2-8; 56:6-24; 85:7-19]. Further, as a matter of law, Markey owed a fiduciary duty to MBIC as a dual agent of both MBIC and Formosa. In *Byrne v. Reardon*, 196 Ga. App. 735, 397 S.E.2d 22 (1990), the Court held that "[w]hile an independent insurance agent or broker is normally considered the agent of the insured, it can also be a dual agent for both the insurer and the insured. citing *National Property Owners Ins. Co. v. Wells*, 166 Ga. App. 281(2), 304 S.E.2d 458 (1983). In *Byrne*, the Court found that the agency owned a duty to the insurance company as a dual agent to use reasonable care and forward the lawsuit papers to the insurance company in a timely manner. *Byrne* at 24.

> To determine whether an insurance agent is a dual agent of the insured and insurer with the apparent authority to receive notice, Georgia courts generally look to whether the insurer placed the independent agent "in a position of apparent authority so that a person of ordinary prudence conversant with business usages and the nature of the particular business is justified in assuming that such agent has the authority to perform a particular act and deals with the agent upon that assumption."

*Auto-Owners Insurance Company v. Xytex Tissue Services, LLC*, 421 F.Supp.3d 1369, 1375 (2019) citing *Int'l Indem. Co. v. Odom*, 174 Ga. App. 6, 328 S.E.2d 307, 309 (1985). Evidence that an insurance agent has authority to bind an insurance

---

"Commissions, if any, payable out of such Funds are debts we owe you. <u>You are our fiduciary</u> and you will hold any and all such Funds in your fiduciary capacity. You are responsible for maintaining and providing to us an accurate accounting of all such Funds and to pay on a timely basis all Funds due to us in accordance with this Agreement." (emphasis added) [Appx. 49-3 ¶ 2.10].

7

policy with an insurance carrier supports a finding of dual agency. *Lee v. Mercury Insurance Company of Georgia*, 343 Ga. App. 729, 808 S.E.2d 116, 130 (2017). Markey agents had authority to bind insurance policies with Hanover. The evidence in this case overwhelmingly demonstrates that Markey and Mr. Henderson were dual agents of MBIC and Formosa.

**4.     The District Court erred when it denied MBIC's Motion for Partial Summary Judgment because there is no genuine issue of material fact as to whether Defendant D.C.J.D. breached its contract with Plaintiff.**

On or around December 12, 2006, Markey entered into an Agency Agreement with the following companies of the Hanover Insurance Group: The Hanover Insurance Company, Massachusetts Bay Insurance Company, Citizens Insurance Company of America, and Allmerica Financial Alliance Insurance Company. [Appx. 49-3][3] The Agency Agreement commenced in 2006 and continued at all relevant times in this matter outlined below. [Appx. 49-3**;** Appx. 49-2]. There is no evidence that a subsequent agency agreement was signed in 2009. [Appx. 50 pp. 25:19-26:16].[4] Markey has not produced any additional agency agreements between the parties in this case.

---

[3] The parties agree that Appx. 49-3 is a true and accurate copy of the 2006 Agency Agreement. [Appx. 50 p. 28:14-25]

[4] "Q: So no new agency agreement was signed in 2009? – A: I don't know. – Q: Is that something that would be kept somewhere in the company documents? – A: If we had an agency agreement, it is something that would be kept. I remember there's one that we have from 2006. … I don't know that I have a copy of an additional agency

Several addenda were signed to supplement the Agency Agreement and provide Markey with additional authorities, including the authority to sell and bind commercial policies. [Appx. 50 pp. 25:13-18; 36:1-13]. However, no subsequent agency agreements between the parties were signed thereafter. [Appx. 50 p. 25:11-12]. The parties agree that Hanover and Markey were working under the relevant provisions of the Agency Agreement at all times relevant to the subject Incident, including those related to notice. [Appx. 50 p. 28:22-25][5] In 2010 Markey signed a supplemental schedule of authority permitting it to bind commercial policies with MBIC. [Appx. 50 p. 36:1-13; Appx. 49-2]. Markey understood that supplemental schedules of authority did not change the processes and agreements discussed in the 2006 Agency Agreement. [Appx. 50 p. 33:12-22].

The incorporation provisions of the addenda present a patent ambiguity because they list the date of the contract to be incorporated as December 12, 2009, when the original contract was executed on December 12, 2006. In fact, the "2009" referenced in other documents appears to be a typographical error as evidenced by the fact that none of the parties are aware of a 2009 agreement, none of the parties have a 2009 agreement, and it is suspiciously coincidental that any such 2009

---

agreement that was signed… If there was one in my office, we would have provided it to you." [Appx. 50 pp. 25:19-26:16]

[5] "Q: Does this appear to be the Agency Agreement that you believe that Hanover and Markey were working under in 2018? A: Yes." [Appx. 50 p. 28:22-25]

9

agreement would have also been signed on December 12th. Regardless, where there is a patent ambiguity, the court "'must apply the rules of contract construction to resolve the ambiguity." *Wright v. IC Enterprises, Inc.* 330 Ga. App. 303, 308, 735 S.E.2d 484 (2014), citing *Fab'rik Boutique v. Shops Around Lenox*, 329 Ga.App. 21, 22-23, 763 S.E.2d 492 (2014). "The cardinal rule of construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction." O.C.G.A. § 13-2-3. A simple date mistake or typographical error is insufficient to void an incorporation provision. *Wright* supra at 308 citing *Zakaria v. McElwaney*, 174 Ga. App. 149, 151(2), 329 S.E.2d 310 (1985). The evidence in this case is clear that the 2010 addendum was intended by the parties to be incorporated into the Agency Agreement from 2006. Therefore, the Agency Agreement clearly extends to businessowner lines of insurance.

The Agency Agreement between MBIC and Markey states explicitly in § 2.4 "You will report all claims to us promptly and in accordance with such of our procedures as we communicate to you." [Appx. 49-3 § 2.4]. Under the plain language of the Agency Agreement, Markey owed a duty to provide prompt notification to MBIC of the insured's claim. [Appx. 49-3 § 2.4]. Markey's abject failure to take any steps to ensure the Incident and subsequent litigation was timely reported by anyone

cannot be reconciled with the contractual duty of prompt notice. As a matter of law, Markey and Mr. Henderson breached their duty to MBIC under the Agency Agreement. Summary judgment on the essential elements of duty and breach is appropriate and should have been granted in MBIC's favor by the District Court.

This 13th day of November, 2023.

        Goodman McGuffey LLP

        Attorneys for Massachusetts Bay Insurance Company

By:   */s/ Stephanie F. Glickauf*
      STEPHANIE F. GLICKAUF
      GA State Bar No. 257540
      sglickauf@GM-LLP.com
      3340 Peachtree Road NE, Suite 2100
      Atlanta, GA 30326-1084
      (404) 264-1500 Phone
      (404) 264-1737 Fax

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY,<br><br>Appellant,<br><br>v.<br><br>D.C.J.D. CORPORATION, d/b/a MARKEY INSURANCE GROUP and MICHAEL BRANCH HENDERSON,<br><br>Appellees. | Case No. 23-11438 |

## RULE 7.1 CERTIFICATE OF COMPLIANCE

The foregoing document is double spaced in 14-point Times New Roman font and complies with the type-volume limitation set forth in FRAP 32(5)(a) and 11th Cir. R. 32-4.

                                                                           */s/ STEPHANIE F. GLICKAUF*
                                                                           STEPHANIE F. GLICKAUF
                                                                           GA State Bar No.  257540
                                                                           sglickauf@GM-LLP.com
                                                                           3340 Peachtree Road NE, Suite 2100
                                                                           Atlanta, GA 30326-1084
                                                                           (404) 264-1500 Phone
                                                                           (404) 264-1737 Fax

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY,<br><br>Appellant,<br><br>v.<br><br>D.C.J.D. CORPORATION, d/b/a MARKEY INSURANCE GROUP and MICHAEL BRANCH HENDERSON,<br><br>Appellees. | Case No. 23-11438 |

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this **Appellant's Reply Brief** with the Clerk of Court using the CM/ECF system which will automatically send to:

| | |
|---|---|
| Syed S. Ahmad, Esq.<br>Hunton Andrews Kurth LLP<br>2200 Pennsylvania Avenue, NW<br>Washington, DC 20037<br>sahmad@HuntonAK.com | Yaniel Abreu, Esq.<br>Hunton Andrews Kurth LLP<br>Wells Fargo Center<br>333 SE 2nd Avenue, Suite 2400<br>Miami, FL 33131<br>yabreu@HuntonAK.com |

This 13th day of November, 2023.

                               */s/ Stephanie F. Glickauf*
                               STEPHANIE F. GLICKAUF
                               GA State Bar No. 257540
                               sglickauf@GM-LLP.com
                               3340 Peachtree Road NE, Suite 2100
                               Atlanta, GA 30326-1084
                               (404) 264-1500 Phone, (404) 264-1737 Fax